# CHARLESTON.

## BAILEY v. RIFFE.

### Submitted October 31, 1916.   Decided November 14, 1916.

1. PAYMENT—*Requisites*—*Promissory Note.*

   Where real estate is sold at the price of $600.00, and the purchaser assigns to the grantor notes amounting to $475.00 to be applied on the purchase money, such notes will not be held to be payments or in discharge of the purchase money debt in the absence of plain and positive language expressing such to be the intention of the parties. (p. 196).

2. SAME.

   A contract provides: "The said party of the second part hereby agrees to pay unto the said party of the first part for the surface of said lot above mentioned and described the sum of $600.00, paid and to be paid as follows, namely: $475.00 P. A. Robertson

notes cash in hand paid by the party of the second part to the party of the first part, the receipt of which is hereby acknowledged, and the residue of said purchase money is to be paid in twelve months.'' The notes were assigned to the grantor by the purchaser and not paid. *Held:* That the notes are not payments on the purchase price for the land, and that the purchaser is not entitled to credit therefor until payment is made. (p. 196).

Appeal from Circuit Court, Raleigh County.

Bill in equity by S. J. Bailey against H. M. Riffe. From a decree for plaintiff, defendant appeals.

*Reversed and remanded.*

*McCreery & Patterson* and *C. O. Dunn,* for appellant.

*J. W. Maxwell,* for appellee.

MASON, JUDGE:

By a written contract dated the 27th day of November, 1912, H. M. Riffe sold to S. J. Bailey a lot of ground situated in the town of Sophia, Raleigh County, at the price of $600.00, receiving in payment therefor three notes, executed by P. A. Robertson, one calling for $158.34, and the other two for $158.33 each, amounting in the aggregate to $475.00. The notes were dated November 27, 1912, and were payable in three, six, and nine months respectively, and secured by a deed of trust on a saw mill. For the balance of the purchase money Bailey executed his note for $125.00, payable in twelve months. By this written contract Riffe bound himself to make Bailey a deed for the lot within two weeks after the time of the payment of the whole of the purchase money. The $125.00 note has been paid. The saw mill conveyed in trust to secure the payment of the three notes executed by Robertson was sold by the trustee in January, 1914, at the price of $105.00, netting $75.00, to be applied as a credit on these notes. The balance on the Robertson notes is unpaid.

Bailey's contention is that Riffe took the three Robertson notes as a payment on the land; that they are the ''cash'' payments referred to in the contract; and that he having paid the $125.00 note, is entitled to a deed for the lot; and this suit is brought by him to require the defendant to specifically perform the contract by making a deed for the property.

Defendant insists that the Robertson notes "were assigned by the plaintiff to this respondent as security for the payment of the said sum of Four Hundred, Seventy-Five Dollars, and that the plaintiff endorsed the said notes, and that the whole of the said sum of Four Hundred, Seventy-Five Dollars, as well as the further payment of One Hundred, Twenty-Five Dollars; was by the terms of the said contract, to be paid to this respondent before the execution and delivery of a deed to the said real estate, from this respondent and his wife to the said plaintiff."

Does the contract sustain the plaintiff's contention? The burden is on the plaintiff to make out his case. This is the only question submitted for our decision. The parties had the right, if they chose, to make a contract by which the grantor would accept the Robertson notes as payment, and if Riffe made such contract, he is bound by it. The contract is inartistically worded. The meaning is not altogether clear. It is plain, however, that Bailey was to pay $600.00 for the lot; that the Robertson notes when paid would constitute $475.00 of the purchase money, and the $125.00 was for the balance. But the Robertson notes have not been paid. Is Bailey entitled to a deed until they are paid? The contract binds Riffe to make a deed "after the payment in full to him of the whole of the purchase money." He has not been paid all the purchase money unless the Robertson notes were accepted as a payment. Were they? This depends on what is the meaning of the contract.

The contract says: "The said party of the first part hereby agrees and binds himself, his heirs and assigns to execute acknowledge and deliver unto said party of the second part, his heirs or assigns, within two weeks from and after the date of payment to him of the last said monthly payments hereinbefore provided to be made, and after payment in full to him of the whole of the purchase money for said lot or parcel of land."

Each of the three Robertson notes was endorsed on the back by Bailey as follows: "For value received I assign the within note to H. M. Riffe." The Robertson notes having been assigned as above shown, with no qualification or expla-

nation, would seem to be intended by the parties to be used in procuring funds for the payment of the debt and not as payment themselves—that Bailey delivered to the grantee these notes, the proceeds to be applied to the purchase price instead of executing his own note, thus giving to the grantor some additional security without waiving his vendor's lien. Riffe is not required under the contract to make the deed until "after payment in full to him of the whole of the purchase money." This would mean, without clear words expressing a different intention, that he would not be required to make the deed until his debt was discharged in money. True, the parties might agree on something other than money, but when the price is named in terms or by equivalent words to be in money, if anything else was intended, it must clearly and plainly appear. Unquestionably Riffe was eventually to receive $600.00 in money for his lot. One hundred and twenty-five dollars was to be paid in twelve months, and as evidence of that, he accepted a note for that amount. That note was paid, and he received $125.00 in money. For the balance of $475.00 purchase money, he received the Robertson notes, endorsed by Bailey, instead of Bailey's notes. The form of the obligation or evidence of the debt did not alter its nature. It was still for money due from the purchaser for the lot. If the Robertson notes are uncollectible, Bailey would be liable as assignor. It can scarcely be that the parties intended that Bailey should have a deed while the collection of the notes was questionable. We are of opinion that this contract can not be construed as meaning that the grantor accepted the Robertson notes as a payment, and that the grantee is entitled to take credit for them on his purchase whether paid or not. The plaintiff is not at present entitled to the relief sought in his bill and will not be entitled to a deed for the lot until all the purchase money shall have been paid.

For the foregoing reasons the decree will be reversed and the cause remanded.

*Reversed and remanded.*